UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES AUSTIN,

                Plaintiff,                        Case Number 24-10023
                                                          Honorable David M. Lawson
v.                                            Magistrate Judge Curtis Ivy, Jr.

CORIZON HEALTH CARE,
DR. TIEN, HENRY FORD ALLEGIANCE
HOSPITAL, and DUANE WATERS
HEALTH CENTER,
                    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff James Austin, who formerly was incarcerated at the Michigan Department of Corrections (MDOC) Gus Harrison Correctional Facility in Adrian, Michigan, filed this lawsuit against Corizon Health Care, Dr. Tien, Henry Ford Allegiance Hospital, and Duane Waters Health Center under 42 U.S.C. § 1983 alleging that he received improper medical care related to the surgery performed on his foot and his follow-up treatment. He alleges violations of his Eighth Amendment rights, as well as negligence and medical malpractice under state law. It is well established that prison personnel who deny medical care to an inmate in serious, obvious need of it will violate the Eighth Amendment. However, where the prisoner receives some treatment, as Austin alleges he did here, he must also allege that the medical care provided was so inadequate that it amounted to "no treatment at all." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). He has not done so. The Court granted Austin's application to proceed without prepayment of the filing fee for this action. However, after conducting the screening required by the Prison Litigation Reform Act (PLRA), it appears that the claims in the complaint must be dismissed because they do not state viable causes of action under federal law because Austin alleges no more

than a disagreement with the treatment rendered, or at best acts of professional negligence that do not constitute an Eighth Amendment violation. The Court will not exercise supplemental jurisdiction over the state law claims.

I.

According to the complaint, Austin's foot-related injuries arose after he was admitted into the MDOC in 2001. Austin, who was already experiencing nerve damage from a previous gunshot wound, complained to prison officials that his prison shoes forced him to walk on the side of his foot and that he needed correctional shoes to fix the problem. ECF No. 1, PageID.16. Austin was later transferred to the Newberry Correctional Facility in Luce County, Michigan. He alleges that he was taken to a doctor in Sault Ste. Marie, who explained that his foot could be fixed, but that the MDOC would not pay for the surgery. *Ibid.* Austin says that over the years he did not receive surgery for his foot but still experienced pain. He did receive some treatment in the form of pain medication and a foot brace. He was paroled in May 2006, then readmitted into prison in 2014. He alleges that his foot began "leaking," and he was required to receive daily wound care for four years. *Ibid.* He continued to ask the MDOC for surgery to no avail.

In 2018, Austin was transferred to the Gus Harrison Correctional Facility. During that time, he was assigned to a top bunk, despite having a medical detail for a bottom bunk. Austin alleges that he fell out the top bunk, which prompted further treatment for his foot. *Id.* at PageID.16-17. In July 2019, Austin underwent foot surgery at the Henry Ford Hospital in Jackson, Michigan. Dr. Tien performed the surgery. Austin was then admitted to the Duane Waters Healthcare facility for aftercare. *Ibid.* Austin alleges that Dr. Tien told him that he would need a second surgery but never scheduled it. He alleges Dr. Tien committed medical malpractice for treatment of his foot and that Henry Ford is liable for Dr. Tien's acts. He further contends that the

- 2 -

aftercare nurses at the Duane Waters Healthcare failed to properly "click in" the pins in his ankle, which caused an infection. *Ibid.* He alleges that an ankle fusion is needed because of his arthritis or, at worst, amputation might be needed. Austin alleges that the MDOC neglected to provide proper care to fix his foot, particularly that it failed to facilitate necessary surgeries. He sues all named defendants for violations of his Eighth Amendment rights, contending that they were deliberately indifferent and inflicted cruel and unusual punishment, as well as negligence. He seeks compensatory and punitive damages.

## II.

When, as here, a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, Congress mandated in the PLRA that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Although a complaint filed by an unrepresented party must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by unrepresented filers if they "fail[ ] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ibid*. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ibid*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ibid*.

Austin bases his claims on 42 U.S.C. § 1983, which provides a vehicle for individuals to seek redress in court for violations of rights secured by the Constitution and laws of the United States. To state a claim under that section, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533

(6th Cir. 2006)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)) (holding that the "complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights.").

Austin alleges that the defendants violated his Eighth Amendment rights by providing inadequate medical care as related to the treatment of his foot. The Eighth Amendment, which prohibits the infliction of cruel and unusual punishment against those convicted of crimes, obligates prison authorities to provide medical care to incarcerated individuals. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). The Supreme Court has reasoned that when prison officials are deliberately indifferent to the serious medical needs of a prisoner, they in effect impose a species of punishment that is inconsistent with contemporary standards of decency. *Id*. at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

"An Eighth Amendment claim on these grounds is comprised of an objective and a subjective component." *Richmond v Huq*, 885 F.3d 928, 937-38 (6th Cir. 2018). "Thus, 'a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities.'" *Id.* at 938 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "'[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Ibid.* (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)). "The subjective component requires a showing that the 'official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Id.* at 939 (quoting *Farmer*, 511 U.S.

- 5 -

at 837).  "'[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  *Ibid.*  "Failure by . . . jail medical staff to adhere to a prescribed course of treatment may satisfy the subjective component of an Eighth Amendment violation."  *Ibid.*

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment.  *Estelle*, 429 U.S. at 105.  Deliberate indifference requires "more than negligence or the misdiagnosis of an ailment."  *Comstock*, 273 F.3d at 703 (citations omitted).  Courts must "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment."  *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).  Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim.  *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014).  This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering.  *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).  If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Westlake*, 537 F.2d at 860 n.5.

Austin has pleaded sufficient facts in his complaint to satisfy the objective component of a deliberate indifference claim.  He has alleged that he has a severe foot injury that eventually required treatment, including surgery.  That he received treatment over the months and years,

however, undermines the subjective aspect of his claim.  With respect to defendants Dr. Tien and Henry Ford Hospital, Austin has not pleaded facts from which it could be inferred that their care amounted to a complete denial of treatment.  Dr. Tien performed surgery on Austin's foot and recommended that Austin receive a second surgery.  Austin is dissatisfied with the results; he alleges that Dr. Tien did not fix the problem, but "only made it worse."  ECF No. 1, PageID.5.  But those allegations do not suggest a complete denial of medical care or that Dr. Tien's treatment was "so woefully inadequate as to amount to no treatment at all."  *Mitchell*, 553 F. App'x at 605 (quotation marks and citation omitted).  Austin appears to solely challenge Dr. Tien's medical judgment.  His allegations at best suggest a medical malpractice claim, which is insufficient to state a constitutional violation.

Austin's vicarious liability claim against Henry Ford Hospital also fails for similar reasons. It is well settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under section 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability.  *Monell v. Department of Social Servs.*, 436 U.S. 658, 691-92 (1978). Austin's claims against the hospital are based upon a theory of respondeat superior because he only challenges the care that he received by Dr. Tien.  Claims based on vicarious liability are insufficient to state a claim under section 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).  Austin does not allege facts that show that his alleged injury was the result of any hospital policy or regulation, or that any improper conduct arose from the deliberate failure adequately to investigate, train, or regulate employees.  *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).  Therefore, Austin also fails to state a deliberate indifference claim against Henry Ford Hospital in Jackson.

- 7 -

There also is a question whether Austin has established Dr. Tien and Henry Ford Hospital are state actors subject to suit under section 1983, but that issue need not be discussed further because the other components of Austin's Eighth Amendment claim are not well pleaded.

Austin's complaint also comes up short on allegations that the aftercare nurses at Duane Waters Health Center (DWH) acted with deliberate indifference. He does not name any individual nurses as defendants; he merely alleges that the DWH "failed to have proper staff click [his] pins in the right way." ECF No. 1, PageID.5. Again, this allegation challenges the quality of treatment provided. It suggests a state law negligence claim, not a constitutional violation.

Next, Austin has not pleaded facts showing that Corizon Health Care acted with deliberate indifference. Austin does not allege that any Corizon employees were involved in his treatment. As stated, personal involvement is necessary to state a section 1983 claim. *Monell*, 436 U.S. at 691-92. Austin has not even mentioned Corizon anywhere in the complaint other than the caption. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint" is insufficient to satisfy these basic pleading requirements. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). Austin's deliberate indifference claim fails as to defendant Corizon.

Austin also mentions violations of his Fifth and Fourteenth Amendment rights. Other than the fact that the Fourteenth Amendment applies the Eighth Amendment's bar on cruel and unusual standards to the states, *Johnson v. Sootsman*, 79 F.4th 608, 615 (6th Cir. 2023) (citing *Robinson v. California*, 370 U.S. 660, 666-67 (1962)), he has not connected either provision to any of the factual allegations in his complaint. There is no plausible claim stated that either of these two Amendments were violated.

- 8 -

Austin's complaint also briefly mentions medical malpractice, suggesting that he may have intended to raise a state law claim. However, the Court has discretion to "decline to exercise supplemental jurisdiction" over state law claims that are joined with federal claims. 28 U.S.C. § 1367(c). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati,* 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Because the plaintiff's federal claims will be dismissed, there is no good reason to expend federal judicial resources to adjudicate matters well within the competence of the state judiciary.

III.

Austin's complaint fails to state any claim for which relief may be granted under federal law and must be dismissed. 28 U.S.C. § 1915(e)(2)(B). The Court will decline to exercise jurisdiction over the state law claims of negligence and medical malpractice. Austin also appears to have filed a document seeking the appointment of counsel, but because all of his claims clearly lack merit the Court does not find that the assistance of counsel is necessary.

Accordingly, it is **ORDERED** that the federal claims in the complaint are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the state law claims in the complaint are **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  May 27, 2025